IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALMA A. HOFFMAN,

      Plaintiff,                      13cv0631
                                         **ELECTRONICALLY FILED**
      v.

THE NORTHWESTERN MUTUAL
LIFE INSURANCE Co.,

      Defendant.

### MEMORANDUM OPINION RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 5)

**I.**      **Introduction**

This case arises out of a dispute over the proceeds of Alma A. Hoffman's ("Plaintiff's") late husband, Dale R. Hoffman's ("Hoffman's"), life insurance policy.  Doc. No. 1.  Plaintiff sued The Northwestern Mutual Life Insurance Company ("Defendant"), the insurer of the policy, for distributing the proceeds to Jeanne Coulter ("Coulter"), Hoffman's extramarital partner, instead of to Plaintiff.  Id.  Plaintiff argues that Defendant breached its contractual obligations and fiduciary duties to her in connection with the policy.  Id.  On July 3, 2013, Defendant filed a Motion to Dismiss which seeks dismissal of all claims against it.  Doc. No. 5.  After careful consideration of Plaintiff's Complaint (Doc. No. 1), Defendant's Motion to Dismiss (Doc. No. 5) and brief in support thereof (Doc. No. 6), and Plaintiff's brief in opposition thereto (Doc. No. 7); Defendant's Motion to Dismiss (Doc. No. 5) will be **GRANTED in part and DENIED in part**.

**II.**      **Statement of the Facts**

Accepting the factual allegations as true solely for purposes of this Memorandum Opinion, the facts of this case are as follows:

Plaintiff is the widow of Hoffman, who died on September 7, 2010. Doc. No. 1, ¶ 1. Plaintiff and Hoffman were married at the time of his death. Id. at ¶ 2. Defendant issued Hoffman a life insurance policy on December 13, 2005. Id. at ¶ 3. Hoffman was the "Owner" of the policy. Doc. No. 1-3. Plaintiff was the original beneficiary. Doc. No. 1, ¶ 3. On August 17, 2010, Mr. Hoffman executed a "Designation of Beneficiary Form" replacing Plaintiff as the beneficiary with Coulter. Id. at ¶ 5. Hoffman faxed the form to Defendant. Id. at ¶ 6. Before Hoffman died, he requested that Defendant mail another form so he could replace Coulter as the beneficiary with Plaintiff. Id. at ¶ 7. Hoffman died before he could execute the requested form. Id. After his death, Defendant distributed the proceeds of the policy to Coulter. Id. at ¶ 8.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a Complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV.   Discussion**

Plaintiff alleges four causes of action against Defendant: Count I-Declaratory Judgment seeking to adjudicate her as "an Owner" of the policy; Count II-Breach of Contract; Count III-Breach of Third-Party Beneficiary Contract; and Count IV-Breach of Fiduciary Duty. Doc. No. 1.

Defendant moves this Court to dismiss the case because Plaintiff allegedly is collaterally estopped from litigating previously adjudicated issues. In the alternative, Defendant moves this

Court to dismiss the case because her claims defy the express terms of the policy, fall outside those recognized by Pennsylvania law, misrepresent her relation to the policy, and duplicate well-pleaded claims. Doc. No. 6.

**A. Collateral Estoppel**

Defendant first argues that all of Plaintiff's claims are barred by collateral estoppel, because she previously litigated identical claims in another Court. Doc. No. 6. In early 2010, in the Court of Common Pleas of Allegheny County, Plaintiff filed suit against Coulter, and asserted that Coulter exercised undue influence on Hoffman to make Coulter his beneficiary on his IRA and life insurance policy. Doc. No. 6-1. Plaintiff alleged five causes of action against Coulter including unjust enrichment and tortious interference with contractual relations. Id. Plaintiff eventually settled her suit against Coulter. Id. The applicable Joint Petition to Approve Settlement ("Settlement Agreement") has been provided to the Court. Id.

In *Parklane Hosiery Co., Inc. v. Shore*, 432 U.S. 322, 329 (1979), the United States Supreme Court identified two types of collateral estoppel, offensive and defensive. "Offensive use of collateral estoppel [is when] a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff." *Id.* "Defensive use of collateral estoppel [is when] a plaintiff [is] estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant." *Id.* Defendant asserts that this case involves defensive use of collateral estoppel.

"Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" *Id.* (*quoting Bernhard v. Bank of Am. Nat. Trust & Savings Assn.*, 122 P.2d 892, 895 (1942)). In *In re Ellis' Estate*, 333 A.2d 728, 731 (1975), the Supreme Court of Pennsylvania held that "a plea of collateral estoppel is good where the party

4

against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action."

The United States Court of Appeals for the Third Circuit has set forth a four-pronged test to determine if collateral estoppel bars a potential claim. For collateral estoppel to apply all of the following elements must be met:

> (1) The issue decided in the prior adjudication must be identical with the one presented in the later action;
> (2) There must have been a final judgment on the merits;
> (3) The party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and
> (4) The party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.

*Iseley v. Talaber*, 232 F. App'x 120, 122-23 (3d Cir. 2007).

Here, collateral estoppel does not bar Plaintiff's claims. Doc. No. 1. The issues surrounding Plaintiff's causes of action in this case are not identical to those decided as part of the Settlement Agreement between Plaintiff and Coulter. Doc. No. 6-2. Specifically, the Settlement Agreement executed between Plaintiff and Coulter provided that "[t]he parties have reached an agreement as to how the life insurance proceeds shall be distributed." Id. It is silent as to both the ownership of the policy and the insurance company's actions in connection with Plaintiff's claim, which form the basis of Plaintiff's claims of breach of contract, breach of third-party beneficiary contract, and breach of fiduciary duty. In short, Plaintiff's causes of action in this case are not identical to those decided in the prior adjudication. All that was determined was "how the . . . proceeds [were to] be distributed"—nothing more. Id. Thus, Plaintiff is not collaterally estopped from litigating her present claims. Therefore, Defendant's Motion to Dismiss on grounds of collateral estoppel will be **DENIED**.

### B. Express Terms of the Policy

Defendant next argues that the express terms of Hoffman's insurance policy defeat Plaintiff's claims because Hoffman properly changed beneficiaries per the policy's terms. In *Prudential Ins. Co. of Am. v. Alkhafaji*, 2011 WL 465853, at * 5 (W.D. Pa. Feb. 4, 2011) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.2d 214, 220 (3d Cir. 2005)), this Court stated that "if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning." This is not true when the words of the policy are unclear and ambiguous. *Id.* Furthermore, "ambiguous terms must be strictly construed against the insurer." *Id.* In this case, and in light of the Motion to Dismiss standard, the express terms of the policy are unclear and ambiguous and, therefore, must be strictly construed against Defendant.

The express terms of the policy do not define what constitutes a "change in the policy," which, to be valid, must be "approved by an officer of the Company." Doc. No. 6-3. Thus, "change in the policy" is open to different interpretations and does not necessarily preclude a "change of beneficiary" from constituting a "change in the policy." At this time, Plaintiff has pled sufficient facts to survive Defendant's Motion to Dismiss. Therefore, Defendant's Motion to Dismiss on grounds that Plaintiff's claims defy the express terms of the policy will be **DENIED**.

### C. Count IV: Breach of Fiduciary Duty

Plaintiff argues that Defendant breached its fiduciary duty to her by paying the insurance proceeds to Coulter. Defendant argues that no such claim exists against an insurance company under Pennsylvania law. In *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 209 (W.D. Pa 2010), Judge McVerry of the United States District Court for the Western District of Pennsylvania stated that Pennsylvania law "general[ly]" does not recognize a breach of fiduciary

duty claim against a life insurance company. "[A]s a general rule, a life insurance company has no fiduciary obligation to the beneficiary; their relationship is solely a matter of contract." *Id.* (*quoting Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir. 1985). The District Court provided the limited circumstances under which Pennsylvania law recognizes a breach of fiduciary duty claim against a life insurance company. *Id*. To assert a claim for breach of fiduciary duty, Plaintiff must allege that the insurance company asserted a stated right under the policy to handle all claims asserted against the insured. *Id.* ("[u]nder Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out an insurance contract until an insurer asserts a stated right under the policy to handle all claims asserted against the insured") (*quoting Keefe v. Prudential Prop. And Cas. Ins. Co.*, 203 F.3d 218, 227-28 (3d Cir. 2000) (citing *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 188 A.2d 320, 322 (Pa. 1963))).

Regardless of Plaintiff's categorization as an owner or a beneficiary of the policy, there is no evidence that Defendant asserted a right under the policy to handle all claims asserted against Plaintiff. Thus, Plaintiff's breach of fiduciary duty claim against Defendant fails, and therefore, Defendant's Motion to Dismiss as to Count IV, breach of fiduciary duty, will be **GRANTED**.

### D. Count III: Breach of Third-Party Beneficiary Contract

Plaintiff argues that she is a third-party beneficiary of her husband's life insurance policy, and Defendant breached their contract when it paid the proceeds of the policy to Coulter. Doc. No. 1. Defendant argues that Plaintiff is not a proper third-party beneficiary. Doc. No. 6. Defendant cites *Torchia v. Kedystone Foods Corp.*, 635 A.2d 1082 (Pa. Super. 1993), as instructive in this case.

According to *Torchia*, only those listed on the policy can be considered third-party beneficiaries. *Id*. at 1085. Here, there is no contention, by either party, that Plaintiff was listed on the policy at the time of her husband's death. Doc. Nos. 1 and 6. The Court declines to find that Plaintiff can advance such a claim because she was an "intended creditor beneficiary." Therefore, because Plaintiff cannot be considered a third-party beneficiary, she cannot advance a claim for breach of third-party beneficiary contract, and Defendant's Motion to Dismiss on the grounds that Plaintiff misrepresents her relation to the policy will be **GRANTED.**

### E. Count I: Declaratory Judgment

Plaintiff's claim for declaratory judgment is sufficiently different from her claim for breach of contract to satisfy Federal Rule of Civil Procedure 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient"). Fed. R. Civ. P. 8(d)(2). Plaintiff will be permitted to plead a claim for declaratory judgment. Therefore, Defendant's Motion to Dismiss on grounds that Plaintiff's claim for declaratory judgment is allegedly duplicative of her claim for breach of contract will be **DENIED**.

### V. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 5) will be **GRANTED in part and DENIED in part**.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties